# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

MIDDLESEX INSURANCE COMPANY,

    Plaintiff,

    and

GENERAL BEVERAGE SALES CO.,

    Involuntary Plaintiff,

    v.

UBER FREIGHT US LLC, et al.,

    Defendants.

Case No. 26-CV-1280

Removed from the Circuit Court of Waukesha County, Wisconsin, Case No. 25-CV-1410

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Celtic Cartage, Inc. (referred to herein as "Cartage"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, by this Notice hereby removes this action from the Circuit Court of Waukesha County, Wisconsin to the United States District Court for the Eastern District of Wisconsin. As explained below, this Court has jurisdiction under 28 U.S.C. § 1332 and 1441 et. seq. Complete diversity of citizenship exists between Plaintiff and Defendants, and it is evident from the Complaint, and upon information and belief, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I.     THE STATE COURT ACTION

On July 18, 2025, Plaintiff Middlesex Insurance Company commenced a civil action captioned *Middlesex Insurance Company et al vs. Uber Freight US LLC,* in the Circuit Court of Waukesha County, Wisconsin, Case No. 25-CV-1410. On June 22, 2026, Plaintiff served an Amended Complaint on Cartage bringing into the matter for the first time.

A copy of the following State Court filings are attached hereto as **Exhibit A** and constitute all relevant documents served or filed to date in the State Court Action:

| Dkt. No. | Pleading Title | Date Filed |
|---|---|---|
| 3 | Summons and Complaint | 7/18/25 |
| 22 | Defendant Uber Freight US LLC's Brief in Support of Motion to Dismiss | 12/1/25 |
| 23 | Defendant Uber Freight US LLC's Notice of Motion and Motion to Dismiss | 12/1/25 |
| 24 | Affidavit of Ronald W. Harmeyer (re Plaintiff's Motion for Particularized Discovery) | 12/8/25 |
| 25 | Plaintiff's Brief in Support of Motion for Particularized Discovery | 12/8/25 |
| 26 | Plaintiff's Notice of Motion and Motion for Particularized Discovery | 12/8/25 |
| 28 | Plaintiff's Amended Notice of Motion and Motion for Particularized Discovery | 12/10/25 |
| 29 | Plaintiff's Brief in Opposition to Defendant Uber Freight US LLC's Motion to Dismiss | 1/26/26 |
| 30 | Defendant Uber Freight US LLC's Response Brief to Plaintiff's Motion for Particularized Discovery | 1/26/26 |
| 31 | Plaintiff's Reply in Support of Motion for Particularized Discovery | 1/30/26 |
| 32 | Defendant Uber Freight US LLC's Reply Brief to Motion to Dismiss | 2/2/26 |
| 33 | Defendant Uber Freight US LLC's Answer and Affirmative Defenses | 3/10/26 |
| 34 | Declaration of Andrew P. Trevino (re Defendant Uber Freight US LLC's Motion for Extension of Time to Respond to Plaintiff's Discovery Requests | 3/24/26 |
| 35 | Defendant Uber Freight US LLC's Brief in Support of Motion for Extension of Time to Respond to Plaintiff's Discovery Requests | 3/24/26 |
| 36 | Defendant Uber Freight US LLC's Notice of Motion and Motion for Extension of Time to Respond to Plaintiff's Discovery Requests | 3/24/26 |
| 37 | Plaintiff's Brief in Opposition to Defendant Uber Freight US LLC's Motion for Extension of Time to Respond to Discovery Requests | 3/30/26 |
| 38 | Letter from Attorney Ronald W. Harmeyer to Court regarding pending discovery motions | 4/7/26 |
| 39 | Letter from Attorney Andrew P. Trevino to Court regarding pending discovery motions | 4/23/26 |
| 40 | Court's Meet and Confer Order regarding Scheduling | 4/23/26 |
| 43 | Court's Scheduling Order | 5/29/26 |
| 44 | Court's Notice of Hearing of Final Pre-Trial Conference Set for July 19, 2027 | 5/29/26 |
| 55 | Amended Summons and Amended Complaint | 6/18/26 |

| Dkt. No. | Pleading Title | Date Filed |
|---|---|---|
| 56 | Affidavit of Service of Amended Summons and Amended Complaint and Scheduling Order on Defendant FWIL, LLC f/k/a & d/b/a COFC Logistics, LLC | 6/23/26 |
| 57 | Affidavit of Service of Amended Summons and Amended Complaint and Scheduling Order on Defendant Suman Transport LLC | 6/24/26 |
| 58 | Affidavit of Service of Amended Summons and Amended Complaint and Scheduling Order on Defendant Celtic International, LLC | 6/29/26 |
| 59 | Affidavit of Service of Amended Summons and Amended Complaint and Scheduling Order on Defendant Celtic Cartage, Inc. | 6/29/26 |
| 60 | Affidavit of Service of Amended Summons and Amended Complaint and Scheduling Order on Defendant Employer's Mutual Casualty Company | 7/2/26 |
| 61 | Affidavit of Service of Amended Summons and Amended Complaint and Scheduling Order on Defendant AGCS Marine Insurance Company | 7/2/26 |
| 62 | Defendant Uber Freight US LLC's Answer and Affirmative Defenses to Plaintiff's Amended Complaint | 7/7/26 |
| 63 | Affidavit of Service of Amended Summons and Amended Complaint and Scheduling Order on Defendant The Burlington Insurance Company | 7/21/26 |

There are no pending motions that would require action by this Court after removal. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is also being served upon counsel for Plaintiff and counsel for Defendant Uber Freight US LLC via U.S. Mail and electronic mail. A copy of this Notice is being served by U.S. Mail upon the registered agents or last known mailing address for the following parties: Involuntary Plaintiff General Beverage Sales Co., Defendant Celtic International, Inc., Defendant Celtic International, LLC, Defendant The Burlington Insurance Company, Defendant Suman Transport, LLC, Defendant AGCS Marine Insurance Company, Defendant FWIL, LLC, f/k/a and d/b/a COFC Logistics, LLC, Defendant Employer's Mutual Casualty Company. A copy of this Notice is also being filed with the Circuit Court of Waukesha County.

3

In the State Court Action, as set forth in the Amended Complaint, Plaintiff claims it sustained damages when its insured's cargo was damaged in transport and it was required to pay a claim as a result. (Am. Compl., ¶¶ 24-28.) Plaintiff claims that various defense entities were negligent in the transportation of its insured's cargo.

## II.     REMOVAL IN THIS CASE IS PROPER

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 for the reasons set forth below:

a.     **Federal question jurisdiction exists:** Pursuant to 28 U.S.C. § 1311, all of Plaintiff's claims for damages arise under the Carmack Amendment, 49 U.S.C. § 140706(a)(1). (Am. Compl., ¶¶ 39, 43, 47, 52, 59, 66.)

b.     **Complete diversity exists**: The following statements were true on both the date that Plaintiff served its Amended Complaint on Cartage (June 22, 2026) and the date that Cartage filed its notice of removal (July 22, 2026):

1.     Plaintiff Middlesex Insurance Company is a domestic company with its principal place of business in the State of Wisconsin. (Am. Compl., ¶ 1.)

2.     Involuntary Plaintiff General Beverage Sales Co. domestic company with its principal place of business in the State of Wisconsin. (Am. Compl., ¶ 2.)

3.     Defendant Uber Freight US LLC is incorporated in the State of Delaware, with its principal place of business in the State of Texas. (Am. Compl., ¶ 3.)

4.     Defendant Celtic International, Inc. was incorporated in the State of Illinois, with its principal place of business in the State of Illinois. (Am. Compl., ¶ 4.)

5.     Defendant Celtic International, LLC is incorporated in the State of Delaware, with its principal place of business in the State of California. (Am. Compl., ¶ 5.)

6.     Defendant Celtic Cartage, Inc. is incorporated in the State of Delaware, with its principal place of business in the State of Illinois. (Am. Compl., ¶ 6.)

4

7. Defendant Burlington Insurance Company is incorporated in the State of North Carolina, with its principal place of business in the State of Illinois. (Am. Compl., ¶ 8.)

8. Defendant Suman Transport, LLC is incorporated in the State of California, with its principal place of business in the State of California. (Am. Compl., ¶ 9.)

9. Defendant AGCS Marine Insurance Company is incorporated in the State of Illinois, with its principal place of business in the State of Illinois. (Am. Compl., ¶ 10.)

10. Defendant FWIL, LLC f/k/a and d/b/a COFC Logistics, LLC is incorporated in the State of Alaska, with its principal place of business in the State of Ohio. (Am. Compl., ¶ 11.)

11. Defendant Employer's Mutual Casualty Company is incorporated in the State of Iowa, with its principal place of business in the State of Iowa. (Am. Compl., ¶ 12.)

c. **The amount in controversy exceeds $75,000.00**. Based on the content of Plaintiff's Amended Complaint, and upon information and belief, Cartage believes in good faith that the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Specifically, the Amended Complaint alleges Plaintiff paid $102,164.01 to its insured as a result of the subject cargo claim. (Am. Compl., ¶ 28.)

d. **No consent is required.** Because this court also has federal question jurisdiction, consent of all defendants is not required pursuant to 28 U.S.C. § 1446(b)(2)A.

e. **Removal is timely.** This removal is timely filed within 30 days of service of the Amended Complaint on Cartage on June 22, 2026.

f. **Venue is proper.** Venue is proper in the Eastern District of Wisconsin because the Plaintiff filed its Complaint in the Circuit Court of Waukesha County, Wisconsin. 28 U.S.C. § 1441(a); 28 U.S.C. § 130(b).

5

WHEREFORE, Defendant Celtic Cartage, Inc. hereby removes the State Court Action to this Honorable Court.

Dated this 22nd day of July, 2026.

<div style="margin-left:50%">

*Electronically signed by Alyssa M. Armbrust*
Sarah Thomas Pagels (State Bar No. 1062162)
Alyssa M. Armbrust (State Bar No. 1098861)
LAFFEY, LEITNER & GOODE LLC
325 E. Chicago Street, Suite 200
Milwaukee, WI 53202
(414) 312-7003 (phone)
(414) 755-7089 (fax)
stpagels@llgmke.com
aarmbrust@llgmke.com

*Attorneys for Defendant Celtic Cartage, Inc.*

</div>

6