UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MIDDLESEX INSURANCE CO,

Plaintiff,

GENERAL BEVERAGE SALES CO,

Involuntary Plaintiff,

Case No. 26-cv-1280-bhl

v.

UBER FREIGHT US LLC, et al,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

---

This case was initially filed in Waukesha County Circuit Court on July 18, 2025, raising a single Carmack Amendment Claim against Uber Freight US LLC related to a shipment of wine that froze while being transported from California to Wisconsin. (ECF No. 1-2 at 4–7.) On June 18, 2026, after nearly a year of litigation, Plaintiff filed an amended complaint adding multiple defendants: Celtic International, Inc., Celtic International, LLC, Celtic Cartage, Inc., The Burlington Insurance Company, Suman Transport, LLC, AGCS Marine Insurance Company, FWIL, LLC, and Employer's Mutual Casualty Company. (ECF No. 1-2 at 169–84.) The amended complaint raises Carmack Amendment claims against the various companies that transported the wine, and "direct liability" claims against their insurers. (*Id.*)

On July 22, 2026, Defendant Celtic Cartage, Inc. removed the case to this Court under 28 U.S.C. §§1332, 1441, and 1446, contending that the Court had jurisdiction because the complaint brought federal claims. (ECF No. 1.) Contrary to the removal procedure statute, however, Celtic Cartage did not obtain consent from all previously served Defendants before filing its notice of removal—relying on a mistaken belief that removal based on federal question jurisdiction did not require unanimous consent. (*Id.* at 5.) Plaintiff then moved to remand this case based on the procedural defect. (ECF No. 4.) In response, Defendants filed a stipulation

consenting to removal, and a response arguing that they should be permitted to cure the defect. (ECF Nos. 39 & 33.) Plaintiff then filed a motion to strike the stipulation consenting to removal as untimely. (ECF Nos. 40 & 54.) Because the time limit to show other properly served defendants' written consent is a strict procedural requirement for removal, and Defendants' stipulation was filed well after Celtic Cartage's deadline to do so passed, the Court will remand this case to the Waukesha County Circuit Court for further proceedings.

**ANALYSIS**

When a case is removed under 28 U.S.C. §1441(a), the removal must comply with procedures described in 28 U.S.C. §1446, unless some other statute dispenses with them. *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997). Under Section 1446(b)(2)(A), all defendants who have been properly served must consent to removal. This applies equally to complaints removed under both the Court's diversity and federal question jurisdiction. The Seventh Circuit has held that served defendants must join a notice of removal by supporting it in writing. *Gossmeyer*, 128 F.3d at 489. If other defendants do not support a petition in writing, the petition is considered defective if it fails to explain why the other defendants have not consented to removal. *Northern Ill. Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir. 1982). To be timely, a procedurally compliant removal petition must be filed within thirty days after a defendant receives a copy of the state court complaint, or is served, whichever occurs first. 28 U.S.C. §1446(b)(1). This time limit is not jurisdictional, but the procedural requirements for filing a notice of removal are nonetheless strictly construed. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368–69 (7th Cir. 1993).

As stated above, none of the other defendants joined Celtic Cartage's notice of removal when it was filed on July 22, 2026. Celtic Cartage admits this failure was the result of it misunderstanding the applicable law and believing their consent was unnecessary. (ECF No. 1 at 5.) Celtic Cartage was served on June 22, 2026, and it filed its notice of removal on the day its deadline to do so expired. (*Id.*) Accordingly, its notice of removal was procedurally inadequate.

Celtic Cartage argues that the defect was cured when, on August 17, 2026, Defendants Celtic International LLC, Uber Freight US LLC, Burlington Insurance Company, Suman Transport LLC, FWIL LLC (formerly COFC Logistics LLC and Employers Mutual Casualty Company), and Celtic Cartage International LLC filed a stipulation indicating they consent to removal. (ECF No. 39.) Celtic Cartage further contends that it should be permitted to correct its

initial error by supplementing its deficient notice with the stipulation, even though it did not file the stipulation until after its 30–day deadline to remove the case had passed. In response, Plaintiff asks the Court to strike the stipulation as untimely. Plaintiff also insists the filing is in any event ineffective because it does not include consent by Defendant AGCS Marine Insurance Company. (ECF No. 40.)[1]

To support its position, Celtic Cartage cites *Diversey, Inc. v. Maxwell*, 798 F.Supp.2d 1004, 1005 (E.D. Wis. 2011). But *Diversey* is inapposite. It stands for the uncontroversial proposition that the lack of consent from an *unserved* defendant does not preclude federal jurisdiction. But that is not the problem Celtic Cartage faces. Celtic Cartage failed to obtain timely consent from defendants who *had already been served*. Misreading *Diversey*, Celtic Cartage then argues that "the consent requirement is not enforced against a defendant when not all served parties have appeared" and that "each later served defendant retains its veto power." (ECF No. 36 at 4.) This misunderstands what Celtic Cartage had to do to properly remove its case. Celtic Cartage knew that multiple defendants had been served *before* it filed its notice of removal; it noted as much in its notice of removal. (ECF No. 1 at 3 (listing FWIL, LLC served by June 23, 2026; Susman Transport LLC, served by June 24, 2026; Celtic International, LLC, served on June 29, 2026; Employer's Mutual Casualty Company, served on July 2, 2026; Uber Freight US LLC, served on July 7, 2026; and The Burlington Insurance Company, served on July 21, 2026).) To properly remove, Celtic Cartage needed to obtain the written consent of every Defendant that had been served but did not need consent of any defendant who had not been served. Whether any or all of those parties had appeared through counsel is irrelevant. Moreover, even if Celtic Cartage only needed consent from the defendants that had been both served *and* appeared, one of the defendants that failed to timely consent, Uber Freight US LLC, had indeed already appeared and filed its answer (on July 7, 2026) before Celtic Cartage filed its notice of removal. (ECF No. 1 at 3.)

Celtic Cartage also suggests that other defendants, which had been served before Celtic Cartage, were still able to consent to removal even though their deadlines to remove had passed. (ECF No. 36 at 4–5.) This is true, but it again misses the point. In removing the case, Celtic Cartage needed to obtain those defendants' consent before *its* deadline to remove expired, and it did not.

---

[1] On September 8, 2026, AGCS Marine Insurance separately indicated it also consents to removal. (ECF No. 51.)

Celtic Cartage also argues that Plaintiff waived its right to remand the case. Celtic Cartage asserts that after it filed its notice of removal, Plaintiff's counsel emailed Uber Freight's counsel and explained that Plaintiff would move to remand only if Uber Freight did not consent to removal. (ECF No. 36 at 5; ECF No. 38-1.) This is a red herring. If Uber Freight confirmed that it did not consent to removal, then the case would simply be remanded on that basis, and there would therefore be *no need* for Plaintiff to file a motion to remand. Celtic Cartage cites no case law concluding that a similar situation constituted waiver. Instead, Celtic Cartage cites *Gossmeyer*, insisting it is "exactly what happened here." (*Id.*) Not so. In *Gossmeyer*, the plaintiff waived her right to object to removal by failing to object to removal within thirty days. 128 F.3d at 489. Here, Plaintiff filed its motion to remand five days after the case was removed. (ECF No. 4.) Plaintiff's counsel's email does not constitute waiver, and *Gossmeyer* is inapplicable.

Celtic Cartage offers a few other cases in support of its position, but none are persuasive. Celtic Cartage cites *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368–69 (7th Cir. 1993), for the proposition that it should be permitted to amend its defective removal petition. The failure at issue in *Shaw* was that the notice of removal failed to *explain why* the other defendants—one who had not been served, one who had already been dismissed from the action, and one who was a parent company, and only a nominal defendant—had not consented to the petition. *Id.* at 369. That Court found the issue—the failure to explain why consent was not obtained—was curable. *Id.* Celtic Cartage's other caselaw is similarly unpersuasive. (ECF No. 36 at 6.) For instance, the trivial defect the removing defendant was allowed to cure in *Walton v. Bayer Corp.*, 643 F.3d 994, 998–99 (7th Cir. 2011), was a failure to also include the state court summonses, along with the other state court filings, and it was cured far faster than Celtic Cartage's failure to obtain consent. In *Northern Illinois Gas Company v. Airco Industries Gases,* 676 F.2d 270, 274 (7th Cir. 1982), the defect was a failure to explain why a nominal defendant had not consented to removal, not a failure to make *any* effort to timely obtain the other defendants' written consent. Lastly, in *Harmon v. OKI Systems*, 115 F.3d 477, 479 (7th Cir. 1997), the issue was whether the deficiencies in the removal notice were procedural defects, or omissions that revealed the absence of subject matter jurisdiction. The case is not applicable to this situation.

The Court will not allow Celtic Cartage to amend its procedurally defective notice of removal after the statutory deadline has passed. Accordingly, the Court will grant Plaintiff's motion to remand. As discussed above, a removing defendant must obtain the other served

defendants' written consent. The consensus within this Circuit is that a defendant must do so before its own deadline to remove expires. *See Denton v. Universal Am-Can, Ltd.*, No. 12 C 3150, 2012 WL 3779315, at *4 (N.D. Ill. Aug. 30, 2012); *Compassionate Pain Management, LLC v. Frontier Payments, LLC*, 2017 WL 4423409, at *3–4 (N.D. Ill. Oct. 4, 2017); *Henderson v. Raemisch*, No. 10-CV-335-BBC, 2010 WL 3282803, at *2 (W.D. Wis. Aug. 19, 2010); *Buroff v. Transervice, Inc.*, 2011 WL 1296675, at *3–6 (N.D. Ind. Mar. 30, 2011). Celtic Cartage did not.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand, ECF No. 4, is **GRANTED**. This action is remanded to Waukesha County Circuit Court for further proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike, ECF No. 40, is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on November 10, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
Chief United States District Judge